# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| The School District of Philadelphia,<br>Appellant | : CASES CONSOLIDATED<br>: |
| | : |
| v. | : No. 195 C.D. 2021<br>: No. 265 C.D. 2021 |
| Board of Revision of Taxes,<br>The City of Philadelphia,<br>and Teva Pharmaceuticals USA | : |
| The School District of Philadelphia,<br>Appellant | : |
| v. | : No. 196 C.D. 2021 |
| Board of Revision of Taxes,<br>The City of Philadelphia,<br>and 401 Market Street a/k/a<br>MREF 401 LP | : |
| The School District of Philadelphia,<br>Appellant | : |
| v. | : No. 197 C.D. 2021 |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>1500 Net Works Associates<br>a/k/a Net Works Building | : |
| The School District of Philadelphia,<br>Appellant | : |
| v. | : No. 198 C.D. 2021 |
| Board of Revision of Taxes, The<br>City of Philadelphia, and PR Chestnut<br>Associates LP | : |

The School District of Philadelphia,
                               Appellant

        v.                                    : No. 199 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia, and
Hub Properties Trust now owned by
Commonwealth of PA - SEPTA

The School District of Philadelphia,
                               Appellant

        v.                                    : No. 200 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia, and
Two Logan Square Associates

The School District of Philadelphia,
                               Appellant

        v.                                    : No. 201 C.D. 2021

Board of Revision of Taxes, The
City of Philadelphia, and OLS Office
Partners LP

The School District of Philadelphia,
                               Appellant

        v.                                    : No. 202 C.D. 2021

Board of Revision of Taxes, The
City of Philadelphia, and Commerce
Square Partners

The School District of Philadelphia,
                               Appellant

        v.                                    : No. 203 C.D. 2021

Board of Revision of Taxes,

The City of Philadelphia,
and Maguire/Thomas PTNS
Phila Plaza Phase II

The School District of Philadelphia,
                Appellant

          v.              : No. 204 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia,
and Cedar South Philadelphia

The School District of Philadelphia,
                Appellant

          v.              : No. 205 C.D. 2021
                                    : No. 223 C.D. 2021
Board of Revision of Taxes,       : No. 259 C.D. 2021
The City of Philadelphia,        : No. 260 C.D. 2021
and ARD Grant LP a/k/a       : No. 285 C.D. 2021
The Court at Grant

The School District of Philadelphia,
                Appellant

          v.              : No. 206 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia,
and 1760 Market Partners LP

The School District of Philadelphia,
                Appellant

          v.              : No. 207 C.D. 2021

Board of Revision of Taxes, The
City of Philadelphia, and SWP Real
Estate LLC

The School District of Philadelphia,
                Appellant

v.                                      :   No. 208 C.D. 2021
                                        :
Board of Revision of Taxes, The         :
City of Philadelphia, and BA Parkway     :
Associates II a/k/a Embassy Suites      :
                                        :
The School District of Philadelphia,     :
                    Appellant            :
                                        :
v.                                      :   No. 209 C.D. 2021
                                        :
Board of Revision of Taxes,             :
The City of Philadelphia, and           :
Public Storage Properties XVIII         :
                                        :
The School District of Philadelphia,     :
                    Appellant            :
                                        :
v.                                      :   No. 210 C.D. 2021
                                        :   No. 266 C.D. 2021
Board of Revision of Taxes,             :
The City of Philadelphia, and           :
SPSP Corporation                        :
                                        :
The School District of Philadelphia,     :
                    Appellant            :
                                        :
v.                                      :   No. 211 C.D. 2021
                                        :   No. 252 C.D. 2021
Board of Revision of Taxes, The         :   No. 258 C.D. 2021
City of Philadelphia, and 2400          :   No. 286 C.D. 2021
Market VII LP a/k/a Marketplace         :
Design Center                           :
                                        :
The School District of Philadelphia,     :
                    Appellant            :
                                        :
v.                                      :   No. 212 C.D. 2021
                                        :
Board of Revision of Taxes, The         :
City of Philadelphia, and 4401          :
Walnut Holdings LLC                     :

The School District of Philadelphia,
                    Appellant

            v.                      :  No. 213 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia, and
T C Pepper Building G P LLC
a/k/a The Pepper Building

The School District of Philadelphia,
                    Appellant

            v.                      :  No. 214 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia, and
Hill House Apartment Association
a/k/a The Watermark

The School District of Philadelphia,
                    Appellant

            v.                      :  No. 215 C.D. 2021
                                    :  No. 218 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia,
and WWW Premier Holdings LLC
a/k/a Winchester Walk

The School District of Philadelphia,
                    Appellant

            v.                      :  No. 216 C.D. 2021

Board of Revision of Taxes,
The City of Philadelphia,
and Offices at Two Liberty PL

The School District of Philadelphia,
                    Appellant

|  |  |  |
|---|---|---|
| v. | : | No. 217 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The | : | |
| City of Philadelphia, and CRP-Grep | : | |
| Rushwood LP a/k/a Rushwood | : | |
| Apartments now owned by | : | |
| RSW Premier Holdings LLC | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 219 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The | : | |
| City of Philadelphia, and Charter Court | : | |
| Holdings LL a/k/a Charter Court | : | |
| Apartments | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 220 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| Cedar Quartermaster LLC | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 221 C.D. 2021 |
| | : | No. 283 C.D. 2021 |
| Board of Revision of Taxes, The | : | No. 284 C.D. 2021 |
| City of Philadelphia, and PR | : | |
| Northeast Limited Partnership | : | |
| a/k/a Northeast Tower Center | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 222 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The | : | |

City of Philadelphia, and Red Lion
MZL LP                                             :
                                                   :

The School District of Philadelphia,               :
                              Appellant             :
                                                   :
                                                   :
              v.                                   :  No. 224 C.D. 2021
                                                   :
Board of Revision of Taxes,                        :
The City of Philadelphia, and                      :
Center City Chestnut LLC                            :
a/k/a Nineteen Thirty Chestnut                     :
                                                   :
The School District of Philadelphia,               :
                              Appellant             :
                                                   :
              v.                                   :  No. 226 C.D. 2021
                                                   :
Board of Revision of Taxes,                        :
The City of Philadelphia,                          :
and 777 South Broad Street AS                      :
                                                   :
The School District of Philadelphia,               :
                              Appellant             :
                                                   :
              v.                                   :  No. 227 C.D. 2021
                                                   :  No. 256 C.D. 2021
Board of Revision of Taxes, The                    :
City of Philadelphia, and PR Walnut                :
Associates LP                                      :
                                                   :
The School District of Philadelphia,               :
                              Appellant             :
                                                   :
              v.                                   :  No. 228 C.D. 2021
                                                   :  No. 229 C.D. 2021
Board of Revision of Taxes, The                    :
City of Philadelphia, and Market Square            :
Plaza I LLC                                        :
                                                   :
The School District of Philadelphia,               :
                              Appellant             :
                                                   :

|                                                             |   |                   |
|-------------------------------------------------------------|---|-------------------|
| v.                                                          | : | No. 253 C.D. 2021 |
|                                                             | : |                   |
| Board of Revision of Taxes,<br>The City of Philadelphia,<br>and Super Salvage, Inc. a/k/a CVS | : |                   |
|                                                             | : |                   |
| The School District of Philadelphia,<br>        Appellant | : |                   |
|                                                             | : |                   |
| v.                                                          | : | No. 254 C.D. 2021 |
|                                                             | : |                   |
| Board of Revision of Taxes, The City<br>of Philadelphia, and 23rd Street<br>Garage VII LP | : |                   |
|                                                             | : |                   |
| The School District of Philadelphia,<br>        Appellant | : |                   |
|                                                             | : |                   |
| v.                                                          | : | No. 255 C.D. 2021 |
|                                                             | : |                   |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>618 Market LP | : |                   |
|                                                             | : |                   |
| The School District of Philadelphia,<br>        Appellant | : |                   |
|                                                             | : |                   |
| v.                                                          | : | No. 257 C.D. 2021 |
|                                                             | : |                   |
| Board of Revision of Taxes, The<br>City of Philadelphia, and Brandywine<br>Operating Partners LP a/k/a Bell<br>Atlantic Tower | : |                   |
|                                                             | : |                   |
| The School District of Philadelphia,<br>        Appellant | : |                   |
|                                                             | : |                   |
| v.                                                          | : | No. 261 C.D. 2021 |
|                                                             | : | No. 262 C.D. 2021 |
| Board of Revision of Taxes, The<br>City of Philadelphia, and Two<br>Liberty Place LP | : |                   |
|                                                             | : |                   |

The School District of Philadelphia,     :
                    Appellant     :
    :

            v.     : No. 263 C.D. 2021
    :

Board of Revision of Taxes,     :
The City of Philadelphia, and     :
Brandywine Operating Part     :
    :

The School District of Philadelphia,     :
                    Appellant     :
    :

            v.     : No. 264 C.D. 2021
    :

Board of Revision of Taxes,     :
The City of Philadelphia, and     :
Philadelphia-Harbison LP     :
    :

The School District of Philadelphia,     :
                    Appellant     :
    :

            v.     : No. 268 C.D. 2021
    :

Board of Revision of Taxes, The City     :
of Philadelphia, and Treeco/Manor     :
Limited Part     :
    :

The School District of Philadelphia,     :
                    Appellant     :
    :

            v.     : No. 269 C.D. 2021
    :

Board of Revision of Taxes, The City     :
of Philadelphia, and Jar Chocolate Works     :
LP     :
    :

The School District of Philadelphia,     :
                    Appellant     :
    :

            v.     : No. 270 C.D. 2021
    :

Board of Revision of Taxes,     :
The City of Philadelphia, and 1616-26     :

Walnut Street                                   :
                                                :
The School District of Philadelphia,            :
                          Appellant             :
                                                :
              v.                                : No. 272 C.D. 2021
                                                :
Board of Revision of Taxes, The                 :
City of Philadelphia, and PECO                  :
Energy Company                                  :
                                                :
The School District of Philadelphia,            :
                          Appellant,            :
                                                :
              v.                                : No. 273 C.D. 2021
                                                :
Board of Revision of Taxes,                     :
The City of Philadelphia,                       :
and Charter School Holdings LL                  :
a/k/a Charter Court Apartments                  :
                                                :
The School District of Philadelphia,            :
                          Appellant             :
                                                :
              v.                                : No. 274 C.D. 2021
                                                :
Board of Revision of Taxes,                     :
The City of Philadelphia, and                   :
Phila Liberty PLA E LP a/k/a/ Liberty One       :
                                                :
The School District of Philadelphia,            :
                          Appellant             :
                                                :
              v.                                : No. 275 C.D. 2021
                                                :
Board of Revision of Taxes,                     :
The City of Philadelphia, and                   :
Panco CC Rittenhouse Row                        :
Rittenhouse Row Investors a/k/a                 :
American Patriots Bldg                          :
                                                :
The School District of Philadelphia,            :
                          Appellant             :

|                                                    |   |                      |
| :------------------------------------------------- | - | :------------------- |
| v.                                                 | : | No. 276 C.D. 2021    |
|                                                    | : |                      |
| Board of Revision of Taxes,                        | : |                      |
| The City of Philadelphia, and                      | : |                      |
| Post Rittenhouse Hill LP a/k/a                     | : |                      |
| Rittenhouse Hill Apartments                        | : |                      |
|                                                    | : |                      |
| The School District of Philadelphia,               | : |                      |
|       Appellant       | : |                      |
|                                                    | : |                      |
| v.                                                 | : | No. 277 C.D. 2021    |
|                                                    | : |                      |
| Board of Revision of Taxes, The City               | : |                      |
| of Philadelphia, and Boulevard North               | : |                      |
| Associate a/k/a Whitman Square                     | : |                      |
|                                                    | : |                      |
| The School District of Philadelphia,               | : |                      |
|       Appellant       | : |                      |
|                                                    | : |                      |
| v.                                                 | : | No. 278 C.D. 2021    |
|                                                    | : |                      |
| Board of Revision of Taxes, The City               | : |                      |
| of Philadelphia, and Cedar Quartermaster           | : |                      |
| II LL                                              | : |                      |
|                                                    | : |                      |
| The School District of Philadelphia,               | : |                      |
|       Appellant       | : |                      |
|                                                    | : |                      |
| v.                                                 | : | No. 279 C.D. 2021    |
|                                                    | : |                      |
| Board of Revision of Taxes,                        | : |                      |
| The City of Philadelphia, and                      | : |                      |
| Boulevard North Associate LP                       | : |                      |
| a/k/a Whitman Square                               | : |                      |
|                                                    | : |                      |
| The School District of Philadelphia,               | : |                      |
|       Appellant       | : |                      |
|                                                    | : |                      |
| v.                                                 | : | No. 280 C.D. 2021    |
|                                                    | : | No. 282 C.D. 2021    |
|                                                    | : |                      |
| Board of Revision of Taxes, The City               | : |                      |

of Philadelphia, and Delaware East Assoc
LP a/k/a Columbus Commons

:
:
:
:

The School District of Philadelphia,
                                         Appellant

:
:
:
:

     v.

: No. 281 C.D. 2021
:

Board of Revision of Taxes, The
City of Philadelphia, and Delaware
East Assoc a/k/a Columbus
Commons

:
:
:
:
:

The School District of Philadelphia,
                                         Appellant

:
:
:
:

     v.

: No. 287 C.D. 2021
:

Board of Revision of Taxes, The City
of Philadelphia, and Center City Walnut
LLC

:
:
:
:

The School District of Philadelphia,
                                         Appellant

:
:
:
:

     v.

: No. 288 C.D. 2021
:

Board of Revision of Taxes, The
City of Philadelphia, and Delaware
East Associates a/k/a Columbus
Commons

:
:
:
:
:

The School District of Philadelphia,
                                         Appellant

:
:
:
:

     v.

: No. 419 C.D. 2021
: Argued:  March 7, 2023

Board of Revision of Taxes, The
City of Philadelphia, and G2 S2
ASSPC LP a/k/a 1605 Sansom

:
:
:

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
       HONORABLE ANNE E. COVEY, Judge

HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION                                                FILED:  October 6, 2023
BY SENIOR JUDGE LEAVITT

The School District of Philadelphia (School District) has appealed an order of the Court of Common Pleas of Philadelphia County (trial court) that quashed the School District's appeal of 138 commercial property tax assessments.[1] The School District argues that the trial court erred in holding that the School District's decision to appeal only commercial property assessments violated the Uniformity Clause in the Pennsylvania Constitution, PA. CONST. art. VIII, §1.[2]  For the reasons to follow, we affirm.

## Background

On August 9, 2016, the School District issued a request for proposals seeking professional assistance to prosecute tax assessment appeals of properties in the City of Philadelphia "where it is reasonably likely that an appeal of [the] assessed value will yield a minimum of an additional $7,500 of School District tax annually[.]"  Request for Proposals at 6; Reproduced Record at 262a (R.R. __).  The School District chose Keystone Realty Advisors, LLC (Keystone) to identify tax assessment appeals that could meet the targeted yield and Fellerman & Ciarimboli Law, P.C. (Law Firm) to provide legal representation in the assessment appeals.

---

[1] On October 20, 2021, the trial court issued an "Addendum to Opinion," which explained that a number of the 138 assessment appeals initially filed by the School District with the trial court had settled, leaving 74 appeals with this Court. Thereafter, the appeal at No. 194 C.D. 2021 was discontinued.  Before the Court, then, are 73 appeals of the trial court's order of February 5, 2021.
By orders of this Court, the School District's appeals at Docket Nos. 195-224, 226-229, 252-256, 257, 258-266, 268-288, and 419 C.D. 2021, were consolidated.

[2] The Uniformity Clause of the Pennsylvania Constitution provides, in relevant part, that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax[.]"  PA. CONST. art. VIII, §1.

On October 3, 2016, the School District appealed the assessments on 138 commercial properties to the Philadelphia Board of Revision of Taxes.[3] The School District did not appear at the hearings on its appeals, explaining that it did not have the information necessary to prosecute its appeals. The Board of Revision of Taxes upheld the assessments "on the papers," which the School District appealed to the trial court.[4]

On July 6, 2017, the Supreme Court issued its ruling in *Valley Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962 (Pa. 2017), which construed the Uniformity Clause as follows:

> [A] taxing authority is not permitted to implement a program of only appealing the assessments of one sub-classification of properties, *where that sub-classification is drawn according to property type – that is, its use as commercial, apartment complex, single-family residential, industrial, or the like.*

*Id*. at 978 (emphasis added). Relying on this holding, owners of some of the 138 properties appealed by the School District (Taxpayers) filed motions to quash. They argued that because the School District limited its 2017 assessment appeals to commercial properties, these appeals violated the Uniformity Clause. The School District responded that it used a monetary threshold to determine which property assessments to appeal, and this policy conformed to the requirements of the Uniformity Clause, as construed in *Valley Forge*, 163 A.3d 962.

Following oral argument, the trial court ruled from the bench and quashed the School District's assessment appeals. The trial court stated as follows:

---

[3] The Board of Revision of Taxes hears appeals of assessments. *See* Section 14 of the Act of June 27, 1939, P.L. 1199, *as amended*, 72 P.S. §5341.14.

[4] "[A]n appeal from the Board's ruling is heard by the trial court *de novo*." *Lincoln Philadelphia Realty Associates I v. Board of Revision of Taxes of City and County of Philadelphia*, 758 A.2d 1178, 1187 (Pa. 2000).

2

> What I do have to find is that 140 cases, *I can take judicial notice that there are way more commercial properties in the City of Philadelphia and there are way more residential properties, and that this was clearly a decision that was made to pick these 140 cases* and to me that's clearly what *Valley Forge* said I'm right.
>
> . . . It's the decision to appeal. For other reasons that I don't need to state on the record I find that the motion to quash should be granted and in all cases the motion[s] to quash [are] granted.

*School District of Philadelphia v. Board of Revision of Taxes*, 217 A.3d 472, 482 (Pa. Cmwlth. 2019) (emphasis added) (citation omitted).

The School District appealed to this Court, arguing, *inter alia*, that the trial court erred in using judicial notice and statements by counsel as evidence to support its findings. This Court agreed, concluding that an evidentiary record was required to make the above-related factual determinations. Accordingly, we vacated the trial court's decision and remanded the matter to the trial court to adduce evidence on the School District's tax assessment appeal program before ruling on Taxpayers' motions to quash. On remand, the trial court conducted a two-day evidentiary hearing.

On November 16, 2020, Taxpayers presented the testimony of Uri Monson, the Chief Financial Officer for the School District, as on cross-examination. He testified that for the 2017-2018 tax year, the School District devised a program to target those underassessed properties where an assessment appeal was likely to generate an additional $7,500 of school tax revenue *per annum*. Monson arrived at this monetary threshold through a combination of "experience, gut, and back of envelope" calculations. Notes of Testimony (N.T.), 11/16/2020, at 32-33; R.R. 35a-36a. To generate an annual tax increase of $7,500, the property had to be underassessed by approximately $1 million. Monson testified that the School District targeted commercial and industrial properties because they "had not been

reassessed most recently by the City." N.T., 11/16/2020, at 47; R.R. 52a. Monson explained that on September 8, 2016, the School District awarded the contract to Keystone, which left a "fairly compressed timeframe" to identify properties for appeal because they had to be filed by October 3, 2016. N.T., 11/16/2020, at 37; R.R. 41a. The School District did not evaluate the fair market value of underassessed properties; rather, it followed Keystone's recommendation in that regard. N.T., 11/16/2020, at 51; R.R. 54a.

Daniel Rudderow, a Keystone principal, also testified as on cross-examination. He testified that he was tasked with the responsibility to identify those underassessed properties that were reasonably likely to generate at least $7,500 in additional tax revenue *per annum*. He "only had three weeks" to conduct his review. N.T., 11/16/2020, at 96; R.R. 106a. He acknowledged that not a single-family residence was contained in his "recommended list of 138 properties" for a tax assessment appeal. N.T., 11/16/2020, at 65; R.R. 71a.

Rudderow began his review by listing 580,000 properties in the City on a spreadsheet. He then eliminated "right off the bat" whole "blocks of properties from that spreadsheet," *i.e.*, more than 520,000 properties. N.T., 11/16/2020, at 68; R.R. 74a-75a. He did not use a system to remove the blocks of properties; rather, he did it "randomly." N.T., 11/16/2020, at 70; R.R. 77a. In his words, "I eyeballed it." *Id*. This random selection produced a spreadsheet of approximately 65,000 properties. To choose properties from that list for review, Rudderow would "look at some lines" and "would skip some lines" highlighting certain properties on the spreadsheet. N.T., 11/16/2020, at 75; R.R. 83a. He also consulted sources for real property sales data, such as CoStar, the Philadelphia Business Journal, the Greater Philadelphia Market, and Zillow. Except for Zillow, the sources Rudderow

4

consulted are oriented to commercial properties. N.T., 11/16/2020, at 76-78; R.R. 84a-86a.

In this way, out of the spreadsheet of 65,000 properties, Rudderow compiled a list of 266 properties for review. Of the 266 properties, he recommended 138 properties for tax assessment appeals, believing that they were reasonably likely to meet the School District's threshold for an annual tax increase of $7,500.

Finally, Rudderow testified that he reviewed a report prepared by Taxpayers' real estate appraisal expert, Kevin Flynn, which identified 33 single-family residential properties that met the School District's criteria for a tax assessment appeal in 2017 but were not appealed. Rudderow testified that because he "had a limited amount of time," he "allocated more time towards looking at those properties that were not recently reassessed[.]" N.T., 11/16/2020, at 79; R.R. 86a-87a. Accordingly, he did not consider those 33 residential properties. However, in 2018, the School District appealed the assessments of 32 of these 33 properties.

At the hearing on November 25, 2020, Taxpayers' expert, Kevin Flynn, testified. He explained that to meet the School District's threshold of $7,500 in annual additional tax revenue, the property had to be underassessed by $976,000. Flynn identified 33 underassessed residential properties that met the School District's monetary threshold of a $7,500 tax increase but were not appealed. Flynn found that the commercial properties appealed in 2017 by the School District had assessments between $20 million to $150 million. Flynn testified that Rudderow's highlighting on the spreadsheet of 65,000 properties fell on lines at the beginning and at the end of the spreadsheet, with almost no highlighted lines in the middle. The properties at the beginning of the spreadsheet had assessments ranging from $10 million to $70 million. The properties at the end of the spreadsheet had assessments

5

ranging from $40 million to $700 million. Properties "in the middle" of the spreadsheet of 65,000 properties were not highlighted. N.T., 11/25/2020, at 32; R.R. 167a.

Following the hearing, the trial court issued an opinion and order granting Taxpayers' motions to quash the School District's tax assessment appeals. The trial court found that the School District adopted a tax assessment appeal policy that would generate $7,500 in additional annual tax revenue for each property, which it then rushed to implement. By the time the School District selected Keystone and the Law Firm, and had those contracts ratified by the School Reform Commission, only three weeks remained before the deadline for filing the 2017 tax assessment appeals.

The trial court found that to identify properties for tax assessment appeal, Rudderow "took a sample" of the 580,000 properties, randomly removing large blocks of properties. Trial Court Op. at 6. Once Rudderow whittled the list down to 65,000 properties, he then looked at some properties, and skipped other properties, which produced a list of 266 properties for review. Rudderow did not use a listing service for information on residential property sales data; instead, he used services geared towards nonresidential properties. In the end, all the properties he recommended for tax assessment appeals were commercial properties.

The trial court acknowledged that *Valley Forge* left open the possibility of using monetary thresholds to choose tax assessment appeals. However, it noted that the Supreme Court also cautioned that any policy must be "implemented without regard to the type of property in question or the residency status of its owner." Trial Court Op. at 13-14 (quoting *Valley Forge*, 163 A.3d at 979). In its rush to meet the 2017 appeal deadline, the School District ignored all properties, save a select and

6

small number of commercial properties. On these findings, the trial court concluded that the School District's 2017 tax assessment appeals violated the Uniformity Clause and granted Taxpayers' motions to quash.

The School District filed the instant appeals.

## Appeal

On appeal,[5] the School District raises two issues. First, the School District argues that the trial court erred in holding that the implementation of the School District's tax assessment appeals program for the 2017 tax year violated the Uniformity Clause. Second, the School District argues that, notwithstanding the trial court's decision to quash its assessment appeals for 2017, the trial court should have addressed assessments for tax years 2018 through 2021, which were automatically appealed by reason of the School District's 2017 appeal.

## Analysis

We begin with a review of the law.

The Uniformity Clause of the Pennsylvania Constitution states as follows:

> All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

PA. CONST. art. VIII, §1. The Uniformity Clause ensures that "a taxpayer should pay no more or no less than his proportionate share of the cost of government." *In re Sullivan*, 37 A.3d 1250, 1254-55 (Pa. Cmwlth. 2012) (quoting *Deitch Company v. Board of Property Assessment, Appeals and Review of Allegheny County*, 209

---

[5] This Court's standard of review of the trial court's order granting a motion to quash an appellant's appeal determines whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights. *Ray v. Brookville Area School District*, 19 A.3d 29, 31 n.3 (Pa. Cmwlth. 2011).

7

A.2d 397, 401 (Pa. 1965)). The value of the Uniformity Clause has been summarized as follows:

> While every tax is a burden, it is more cheerfully borne when the citizen feels that he is only required to bear his proportionate share of that burden measured by the value of his property to that of his neighbor. This is not an idle thought in the mind of the taxpayer, nor is it a mere speculative theory advocated by learned writers on the subject; but it is a fundamental principle written into the Constitutions and statutes of almost every state in this country.

*Delaware, L. & W. Railway Company's Tax Assessment*, 73 A. 429, 430 (Pa. 1909).

Within a taxing district, all real property "is a single class." *Valley Forge*, 163 A.3d at 975. For this reason, "the Uniformity Clause does not permit the government, including taxing authorities, to treat different property sub-classifications in a disparate manner." *Id.* In *Clifton v. Allegheny County*, 969 A.2d 1197, 1212 (Pa. 2009), our Supreme Court established that real property is "a classification" and that the Uniformity Clause requires "all real estate [be] treated as a single class entitled to uniform treatment."

The General County Assessment Law[6] authorizes any taxing authority to appeal a real property assessment. Section 520 states as follows:

> The corporate authorities of any county, city, borough, town, township, school district or poor district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom in the same manner, subject to the same procedure, and with like effect, as if such appeal were taken by a taxable with respect to his property.

---

[6] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§5020-1-5020-602.

8

72 P.S. §5020-520. It is axiomatic that when a taxing authority, such as a school district, exercises its discretion to appeal a real property assessment, it must do so within "constitutional boundaries." *Valley Forge*, 163 A.3d at 980. Where a taxing authority appeals only "the assessments of one sub-classification of properties, where that sub-classification is drawn according to property type," it acts outside applicable constitutional boundaries. *Id.* at 978.

In *Valley Forge*, 163 A.3d 962, several taxpayers challenged the school district's program of appealing commercial property tax assessments but not residential property assessments. The taxpayers sought to enjoin the school district's tax assessment appeal policy as violative of the Uniformity Clause. The trial court dismissed the complaint as not stating a claim, and this Court affirmed. The Supreme Court reversed, holding as follows:

> [A] taxing authority is not permitted to implement a program of only appealing the assessments of one sub-classification of properties, where that sub-classification is drawn according to property type – that is, its use as commercial, apartment complex, single-family residential, industrial, or the like.

*Id*. at 978. The Supreme Court further explained that "systematic disparate enforcement of the tax laws based on property sub-classification, even absent wrongful conduct, is constitutionally precluded[.]" *Id*. The Supreme Court cautioned, however, that its holding should not be construed as an absolute prohibition of a neutral selection criterion, such as a monetary threshold, so long as it "were implemented without regard to the type of property in question or the residency status of its owner." *Id*. at 979. The Supreme Court held that because the taxpayers' complaint alleged that only commercial property assessments were appealed, it stated a valid claim under the Uniformity Clause.

9

Following *Valley Forge*, this Court decided *GM Berkshire Hills LLC v. Berks County Board of Assessment*, 257 A.3d 822 (Pa. Cmwlth. 2021) (*GM Berkshire I*). There, the school district's tax assessment appeals program used monthly reports generated by the State Tax Equalization Board to identify properties for appeal. These reports listed recent property sales in each county along with the sales prices and current assessed values. Beginning with recently sold properties, the school district applied the county's applicable common level ratio[7] of 68.5% to each recent sale price. If the difference between the recent sale price and the assessment was greater than $150,000, the school district pursued a tax assessment appeal. The $150,000 figure represented the threshold at which the revenue from a successful appeal would justify the cost of the legal and appraisal fees necessary for the school district to undertake the appeal.

GM Berkshire challenged the school district's use of recently sold properties as a basis for selecting properties for tax appeal. It argued that challenging the assessment of properties under new ownership violates both the federal Equal Protection Clause[8] and Pennsylvania's Uniformity Clause. This Court rejected this claim. We concluded that using the recent sale of an assessed property did not create an improper classification, reasoning that such sales are used to establish market value in any assessment appeal. Further, the school district's use of recent property sales did not differentiate on the basis of property type. As such, the school district's method did not violate either the Equal Protection Clause or the Uniformity Clause. On further appeal, an equally divided Supreme Court affirmed this Court's decision

---

[7] Section 102 of The General County Assessment Law defines the "common level ratio" as "the ratio of assessed value to current market value used generally in the county as last determined by the State Tax Equalization Board pursuant to the act of June 27, 1947 (P.L. 1046, No. 447), referred to as the State Tax Equalization Board Law." 72 P.S. §5020-102.

[8] U.S. CONST. amend. XIV, §1.

10

that the school district's method of selecting properties for a tax assessment appeal did not violate the Uniformity Clause. *GM Berkshire Hills LLC v. Berks County Board of Assessment*, 290 A.3d 238, 250 (Pa. 2023) (*GM Berkshire II*).

More recently, in *Duffield House Associates, L.P. v. City of Philadelphia*, 260 A.3d 329 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1185 (Pa. 2022), this Court affirmed an order of the Court of Common Pleas of Philadelphia County that enjoined the City of Philadelphia's reassessment of 41,730 commercial properties. We held that the City's decision to target a property sub-classification for reassessment, while leaving other sub-classifications of property alone, violated the Uniformity Clause.

In *Duffield*, we distinguished *Kennett Consolidated School District v. Chester County Board of Assessment Appeals*, 228 A.3d 29 (Pa. Cmwlth. 2020), *appeal granted*, 240 A.3d 611, *appeal dismissed as improvidently granted*, 259 A.3d 890 (Pa. 2021), on which the City had relied. In *Kennett*, a taxpayer challenged a school district's tax assessment appeal of its property on the grounds that it violated the Uniformity Clause. In that case, the school district set a monetary threshold of a $1 million underassessment, which affected only commercial property assessments. We concluded that the appeal program was constitutional because it was not based on type of property but on the amount of the underassessment. The fact that the program's implementation resulted in an appeal of only commercial property assessments did not establish a *per se* violation of the Uniformity Clause.

With these principles in mind, we turn to the School District's first claim of error.

The School District argues that the trial court proceeded under the incorrect assumption that because the 2017 assessment appeals were all commercial

11

properties, those appeals violated the Uniformity Clause. The School District contends that its tax assessment appeals policy used a neutral monetary threshold, and the fact that only commercial property assessments were appealed is irrelevant, as established in *Kennett*, 228 A.3d 29. In further support, the School District directs the Court to *East Stroudsburg Area School District v. Meadow Lake Plaza, LLC* (Pa. Cmwlth., No. 371 C.D. 2018, filed October 17, 2019) (unreported)[9] (holding that a $10,000 monetary threshold did not violate the Uniformity Clause even though only commercial properties met the threshold); and *Punxsutawney Area School District v. Broadway Timber, LLC* (Pa. Cmwlth., No. 1209 C.D. 2018, filed October 29, 2019) (unreported) (holding that the use of recent sales prices to decide which assessments to appeal did not violate the Uniformity Clause). The School District argues that the number of properties it selected for assessment appeals is irrelevant as is the fact that there were residential properties that met its monetary threshold but were not appealed. Neither fact rendered the School District's 2017 appeals of 138 commercial property assessments unconstitutional.

Taxpayers respond that it was the implementation of the School District policy that violated the Uniformity Clause. The School District's "slipshod and piecemeal" implementation fixed on commercial and industrial properties, which created an unlawful classification. Taxpayers Brief at 2. As the Supreme Court has observed, "disparate enforcement of the tax laws based on property sub-classifications, *even absent wrongful conduct*, is unconstitutionally precluded[.]" *Valley Forge*, 163 A.3d at 978 (emphasis added). Taxpayers argue that the School District simply ignores the trial court's "core holdings" on the implementation of its

---

[9] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

policy, which "unconstitutional process yielded an unconstitutional result." Taxpayers Brief at 2. Although the School District's tax assessment appeal was stated in terms of a neutral monetary threshold, that fact alone did not establish that its 2017 appeal of 138 assessments was constitutional.

The record fully supports the trial court's "core holdings." Out of 580,000 properties, Rudderow selected 266 properties to review, using a random and piecemeal methodology that was neither objective nor neutral. He eliminated "whole blocks" of properties without explanation. N.T., 11/16/2020, at 68, R.R. 74a-75a. To select the 266 properties for "review," Rudderow used commercial real property services. Monson acknowledged that the School District's program's purpose was "to target commercial and industrial properties" because they had not been "recently reassessed." N.T., 11/16/2020, at 47; R.R. 52a. Rudderow also rationalized the focus on commercial properties by claiming that the properties had not "recently" been reassessed. N.T., 11/16/2020, at 79; R.R. 86a-87a. Their claim of a recent reassessment of residential properties was neither explained nor documented. It seems unlikely that the City did a countywide assessment of only residential properties, and the School District presented no evidence, for example, that prior to 2017 it used recent sales to file assessment appeals, which sales had not included commercial and industrial properties. Rudderow's "highlighting" of the spreadsheet of 65,000 properties fell on properties with the highest assessments and, not surprisingly, properties in the range of $40 to $700 million turned out to be commercial and industrial properties. Simply, the evidence showed that the implementation of the School District's policy was not neutral but tilted toward the selection of a sub-classification of properties, *i.e.*, commercial and industrial, as found by the trial court.

13

Further, the School District assumes that its monetary threshold for selecting assessments satisfies the Uniformity Clause, but this is not a correct assumption. The Supreme Court's statement that the "use of a monetary threshold" may be constitutional was not the holding. *Valley Forge*, 163 A.3d at 979. As explained in an opinion in support of reversal in *GM Berkshire II*, Justice Donohue, joined by Chief Justice Todd and Justice Dougherty, stated as follows:

> It is true that we, in unfortunate dicta, commented on the potential propriety of a purely monetary threshold in *Valley Forge* []. However, we have never decided whether such thresholds are permissible under the Uniformity Clause.

*GM Berkshire II*, 290 A.3d at 253 (Donohue, J.) (opinion in support of reversal). Even so, the monetary threshold must be "implemented without regard to the type of property in question or the residency status of its owner." *Valley Forge*, 163 A.3d at 979.

The holding in *Valley Forge* is that taxing districts may not exercise their discretion in a discriminatory manner that targets certain types of properties for appeal. Further, *Valley Forge* did not hold that a monetary threshold to choose properties for an assessment appeal satisfies the Uniformity Clause. The prevailing requirement remains that "similarly situated taxpayers should not be deliberately treated differently by taxing authorities." *Downingtown Area School District v. Chester County Board of Assessment Appeals*, 913 A.2d 194, 201 (Pa. 2006). This principle governs our analysis here.

The School District's stated tax assessment appeal policy may be facially neutral, but its haphazard implementation of this policy was not neutral. For tax year 2017, Keystone had three weeks to identify and recommend properties before the assessment deadline, and this produced an arbitrary implementation.

14

Rudderow acknowledges that he randomly rejected 520,000 properties by "eyeball[ing]," and it cannot be assumed that Rudderow's work was free of bias. N.T., 11/16/2020, at 74; R.R. 77a. From the 65,000 properties on the second spreadsheet, Rudderow selected a mere 266 properties to review, none of which were single-family residential properties. Rudderow acknowledged that there were other underassessed properties that met the School District's monetary threshold, whose assessments were not appealed. N.T., 11/16/2020, at 102-04; R.R. 112a-14a.

The School District's reliance on *East Stroudsburg*, *Punxsutawney*, and *Kennett* is misplaced. The implementation of the tax assessment appeal policy was not at issue in these cases but, rather, the stated terms of the policy.

Here, the findings of the trial court support its conclusion that the School District's 2017 tax assessment appeals violated the Uniformity Clause. Rudderow's idiosyncratic and subjective selection of underassessed properties was arbitrary and deliberately exempted from review numerous properties that could have yielded an additional $7,500 in annual tax revenue. At least 33 single-family residential properties met the monetary formula threshold that could have been appealed but were not. Trial Court Op. at 13. This "systematic disparate enforcement of the tax laws" created the violation of the Uniformity Clause. *Valley Forge*, 163 A.3d at 978. It is well established that a "taxpayer is entitled to relief under the Uniformity Clause where his property is assessed at a higher percentage of fair market value than other properties throughout the taxing district." *Downingtown Area School District*, 913 A.2d at 199. Here, Taxpayers showed that the School District's appeal sought to assess their properties at a higher percentage of fair market value than most other properties in the City.

15

Because Taxpayers demonstrated a violation of the Uniformity Clause, the trial court appropriately quashed the School District's outstanding appeals of 138 commercial and industrial properties for 2017.

**Conclusion**

The purpose of any assessment appeal, whether by the taxpayer or the taxing authority, is to correct mistakes in the most recent countywide assessment. It is not intended to function as a substitute for the countywide assessment required by law. In *GM Berkshire I*, 257 A.3d 822, this Court upheld an assessment policy that was triggered by a change in circumstance, *i.e.*, a sale that showed the most recent countywide assessment amount for that particular property to be in error. Further, the policy was uniformly applied to all properties meeting the monetary threshold. Even so, our holding received divided support from our Supreme Court.

Taxing authority appeals yield more revenue for the taxing authority. However, the purpose of a countywide reassessment is to correct all mistakes, including those that fall upon overassessed properties. When the taxing authority attempts an ersatz countywide correction of underassessments, it is the sole beneficiary. Under the Uniformity Clause, however, some of that correction should inure to the benefit of the overassessed taxpayer.

Here, the School District's stated policy was to appeal assessments that were understated by $1 million. This will garner for the School District the entire benefit and leave overassessed property owners bearing an unfair share of the tax burden. Even so, the School District did not even attempt to capture each and every assessment that was at least $1 million short of the fair market value. *Cf. Kennett*, 228 A.3d 29. The School District's monetary threshold may have been neutral, but

16

the implementation, perhaps too ambitious in scope, created a systematic and disparate treatment of taxpayers, both the overassessed and the underassessed.

For these reasons, we affirm the decision of the trial court.[10]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[10] As a result of our holding, we need not reach the School District's second issue that tax years 2018 through 2021 became part of the appeal by operation of law. Section 518.1(b) of The General County Assessment Law, added by the Act of December 28, 1955, P.L. 917, 72 P.S. §5020-518.1(b). *See also Macy's Inc. v. Board of Property Assessment, Appeals, Review of Allegheny County*, 61 A.3d 361, 363 n.2 (Pa. Cmwlth. 2013).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | CASES CONSOLIDATED |
| | : | |
| | : | |
| v. | : | No. 195 C.D. 2021 |
| | : | No. 265 C.D. 2021 |
| Board of Revision of Taxes,<br>The City of Philadelphia,<br>and Teva Pharmaceuticals USA | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 196 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia,<br>and 401 Market Street a/k/a<br>MREF 401 LP | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 197 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>1500 Net Works Associates<br>a/k/a Net Works Building | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 198 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The<br>City of Philadelphia, and PR Chestnut<br>Associates LP | : | |
| | : | |

| | |
|---|---|
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 199 C.D. 2021 |
| | : |
| Board of Revision of Taxes, | : |
| The City of Philadelphia, and | : |
| Hub Properties Trust now owned by | : |
| Commonwealth of PA - SEPTA | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 200 C.D. 2021 |
| | : |
| Board of Revision of Taxes, | : |
| The City of Philadelphia, and | : |
| Two Logan Square Associates | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 201 C.D. 2021 |
| | : |
| Board of Revision of Taxes, The | : |
| City of Philadelphia, and OLS Office | : |
| Partners LP | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 202 C.D. 2021 |
| | : |
| Board of Revision of Taxes, The | : |
| City of Philadelphia, and Commerce | : |
| Square Partners | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 203 C.D. 2021 |
| | : |
| Board of Revision of Taxes, | : |

The City of Philadelphia,                      :
and Maguire/Thomas PTNS                        :
Phila Plaza Phase II                           :
                                               :
The School District of Philadelphia,           :
                    Appellant                  :
                                               :
            v.                                 : No. 204 C.D. 2021
                                               :
Board of Revision of Taxes,                    :
The City of Philadelphia,                      :
and Cedar South Philadelphia                   :
                                               :
The School District of Philadelphia,           :
                    Appellant                  :
                                               :
            v.                                 : No. 205 C.D. 2021
                                               : No. 223 C.D. 2021
Board of Revision of Taxes,                    : No. 259 C.D. 2021
The City of Philadelphia,                      : No. 260 C.D. 2021
and ARD Grant LP a/k/a                         : No. 285 C.D. 2021
The Court at Grant                             :
                                               :
The School District of Philadelphia,           :
                    Appellant                  :
                                               :
            v.                                 : No. 206 C.D. 2021
                                               :
Board of Revision of Taxes,                    :
The City of Philadelphia,                      :
and 1760 Market Partners LP                    :
                                               :
The School District of Philadelphia,           :
                    Appellant                  :
                                               :
            v.                                 : No. 207 C.D. 2021
                                               :
Board of Revision of Taxes, The                :
City of Philadelphia, and SWP Real             :
Estate LLC                                     :
                                               :
The School District of Philadelphia,           :
                    Appellant                  :

|                                                                                                          |   |                      |
|----------------------------------------------------------------------------------------------------------|---|----------------------|
|                                                                                                          | : |                      |
| v.                                                                                                       | : | No. 208 C.D. 2021    |
|                                                                                                          | : |                      |
| Board of Revision of Taxes, The<br>City of Philadelphia, and BA Parkway<br>Associates II a/k/a Embassy Suites | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| The School District of Philadelphia,<br>Appellant                                                        | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| v.                                                                                                       | : | No. 209 C.D. 2021    |
|                                                                                                          | : |                      |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>Public Storage Properties XVIII          | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| The School District of Philadelphia,<br>Appellant                                                        | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| v.                                                                                                       | : | No. 210 C.D. 2021    |
|                                                                                                          | : | No. 266 C.D. 2021    |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>SPSP Corporation                         | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| The School District of Philadelphia,<br>Appellant                                                        | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| v.                                                                                                       | : | No. 211 C.D. 2021    |
|                                                                                                          | : | No. 252 C.D. 2021    |
| Board of Revision of Taxes, The<br>City of Philadelphia, and 2400<br>Market VII LP a/k/a Marketplace<br>Design Center | : | No. 258 C.D. 2021    |
|                                                                                                          | : | No. 286 C.D. 2021    |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| The School District of Philadelphia,<br>Appellant                                                        | : |                      |
|                                                                                                          | : |                      |
|                                                                                                          | : |                      |
| v.                                                                                                       | : | No. 212 C.D. 2021    |
|                                                                                                          | : |                      |
| Board of Revision of Taxes, The<br>City of Philadelphia, and 4401<br>Walnut Holdings LLC                 | : |                      |
|                                                                                                          | : |                      |

The School District of Philadelphia,        :
                          Appellant    :
                                   :

             v.                : No. 213 C.D. 2021
                                   :

Board of Revision of Taxes,          :
The City of Philadelphia, and      :
T C Pepper Building G P LLC       :
a/k/a The Pepper Building         :
                                   :

The School District of Philadelphia,        :
                          Appellant    :
                                   :

             v.                : No. 214 C.D. 2021
                                   :

Board of Revision of Taxes,          :
The City of Philadelphia, and      :
Hill House Apartment Association   :
a/k/a The Watermark           :
                                   :

The School District of Philadelphia,        :
                          Appellant    :
                                   :

             v.                : No. 215 C.D. 2021
                                   : No. 218 C.D. 2021

Board of Revision of Taxes,          :
The City of Philadelphia,          :
and WWW Premier Holdings LLC  :
a/k/a Winchester Walk         :
                                   :

The School District of Philadelphia,        :
                          Appellant    :
                                   :

             v.                : No. 216 C.D. 2021
                                   :

Board of Revision of Taxes,          :
The City of Philadelphia,          :
and Offices at Two Liberty PL     :
                                   :

The School District of Philadelphia,        :
                          Appellant    :
                                   :

| | |
|---|---|
| v. | : No. 217 C.D. 2021 |
| | : |
| Board of Revision of Taxes, The | : |
| City of Philadelphia, and CRP-Grep | : |
| Rushwood LP a/k/a Rushwood | : |
| Apartments now owned by | : |
| RSW Premier Holdings LLC | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 219 C.D. 2021 |
| | : |
| Board of Revision of Taxes, The | : |
| City of Philadelphia, and Charter Court | : |
| Holdings LL a/k/a Charter Court | : |
| Apartments | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 220 C.D. 2021 |
| | : |
| Board of Revision of Taxes, | : |
| The City of Philadelphia, and | : |
| Cedar Quartermaster LLC | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 221 C.D. 2021 |
| | : No. 283 C.D. 2021 |
| Board of Revision of Taxes, The | : No. 284 C.D. 2021 |
| City of Philadelphia, and PR | : |
| Northeast Limited Partnership | : |
| a/k/a Northeast Tower Center | : |
| | : |
| The School District of Philadelphia, | : |
| Appellant | : |
| | : |
| v. | : No. 222 C.D. 2021 |
| | : |
| Board of Revision of Taxes, The | : |

City of Philadelphia, and Red Lion   :
MZL LP   :

The School District of Philadelphia,   :
      Appellant   :
          :
          :
     v.   : No. 224 C.D. 2021
          :
Board of Revision of Taxes,   :
The City of Philadelphia, and   :
Center City Chestnut LLC   :
a/k/a Nineteen Thirty Chestnut   :
          :
The School District of Philadelphia,   :
      Appellant   :
          :
     v.   : No. 226 C.D. 2021
          :
Board of Revision of Taxes,   :
The City of Philadelphia,   :
and 777 South Broad Street AS   :
          :
The School District of Philadelphia,   :
      Appellant   :
          :
     v.   : No. 227 C.D. 2021
          : No. 256 C.D. 2021
Board of Revision of Taxes, The   :
City of Philadelphia, and PR Walnut   :
Associates LP   :
          :
The School District of Philadelphia,   :
      Appellant   :
          :
     v.   : No. 228 C.D. 2021
          : No. 229 C.D. 2021
Board of Revision of Taxes, The   :
City of Philadelphia, and Market Square   :
Plaza I LLC   :
          :
The School District of Philadelphia,   :
      Appellant   :
          :

|                                                                 |   |                     |
|-----------------------------------------------------------------|---|---------------------|
| v.                                                              | : | No. 253 C.D. 2021   |
|                                                                 | : |                     |
| Board of Revision of Taxes,<br>The City of Philadelphia,<br>and Super Salvage, Inc. a/k/a CVS | : | |
|                                                                 | : |                     |
| The School District of Philadelphia,<br>Appellant               | : |                     |
|                                                                 | : |                     |
| v.                                                              | : | No. 254 C.D. 2021   |
|                                                                 | : |                     |
| Board of Revision of Taxes, The City<br>of Philadelphia, and 23rd Street<br>Garage VII LP | : | |
|                                                                 | : |                     |
| The School District of Philadelphia,<br>Appellant               | : |                     |
|                                                                 | : |                     |
| v.                                                              | : | No. 255 C.D. 2021   |
|                                                                 | : |                     |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>618 Market LP | : | |
|                                                                 | : |                     |
| The School District of Philadelphia,<br>Appellant               | : |                     |
|                                                                 | : |                     |
| v.                                                              | : | No. 257 C.D. 2021   |
|                                                                 | : |                     |
| Board of Revision of Taxes, The<br>City of Philadelphia, and Brandywine<br>Operating Partners LP a/k/a Bell<br>Atlantic Tower | : | |
|                                                                 | : |                     |
| The School District of Philadelphia,<br>Appellant               | : |                     |
|                                                                 | : |                     |
| v.                                                              | : | No. 261 C.D. 2021   |
|                                                                 | : | No. 262 C.D. 2021   |
| Board of Revision of Taxes, The<br>City of Philadelphia, and Two<br>Liberty Place LP | : | |
|                                                                 | : |                     |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| v. | : | No. 263 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>Brandywine Operating Part | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| v. | : | No. 264 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>Philadelphia-Harbison LP | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| v. | : | No. 268 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia, and Treeco/Manor<br>Limited Part | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| v. | : | No. 269 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia, and Jar Chocolate Works<br>LP | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| v. | : | No. 270 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia, and 1616-26 | : | |

Walnut Street       :
           :

The School District of Philadelphia, :
     Appellant   :
           :
   v.       : No. 272 C.D. 2021
           :
Board of Revision of Taxes, The  :
City of Philadelphia, and PECO  :
Energy Company     :
           :
The School District of Philadelphia, :
     Appellant,  :
           :
   v.       : No. 273 C.D. 2021
           :
Board of Revision of Taxes,   :
The City of Philadelphia,   :
and Charter School Holdings LL  :
a/k/a Charter Court Apartments  :
           :
The School District of Philadelphia, :
     Appellant   :
           :
   v.       : No. 274 C.D. 2021
           :
Board of Revision of Taxes,   :
The City of Philadelphia, and   :
Phila Liberty PLA E LP a/k/a/ Liberty One :
           :
The School District of Philadelphia, :
     Appellant   :
           :
   v.       : No. 275 C.D. 2021
           :
Board of Revision of Taxes,   :
The City of Philadelphia, and   :
Panco CC Rittenhouse Row   :
Rittenhouse Row Investors a/k/a  :
American Patriots Bldg    :
           :
The School District of Philadelphia, :
     Appellant   :

v.                                      :  No. 276 C.D. 2021
                                        :
Board of Revision of Taxes,             :
The City of Philadelphia, and           :
Post Rittenhouse Hill LP a/k/a          :
Rittenhouse Hill Apartments             :
                                        :
The School District of Philadelphia,    :
              Appellant                 :
                                        :
          v.                            :  No. 277 C.D. 2021
                                        :
Board of Revision of Taxes, The City    :
of Philadelphia, and Boulevard North    :
Associate a/k/a Whitman Square          :
                                        :
The School District of Philadelphia,    :
              Appellant                 :
                                        :
          v.                            :  No. 278 C.D. 2021
                                        :
Board of Revision of Taxes, The City    :
of Philadelphia, and Cedar Quartermaster :
II LL                                   :
                                        :
The School District of Philadelphia,    :
              Appellant                 :
                                        :
          v.                            :  No. 279 C.D. 2021
                                        :
Board of Revision of Taxes,             :
The City of Philadelphia, and           :
Boulevard North Associate LP            :
a/k/a Whitman Square                    :
                                        :
The School District of Philadelphia,    :
              Appellant                 :
                                        :
          v.                            :  No. 280 C.D. 2021
                                        :  No. 282 C.D. 2021
Board of Revision of Taxes, The City    :
of Philadelphia, and Delaware East Assoc :

LP a/k/a Columbus Commons  :
           :

The School District of Philadelphia, :
     Appellant   :
           :
    v.     : No. 281 C.D. 2021
           :

Board of Revision of Taxes, The :
City of Philadelphia, and Delaware :
East Assoc a/k/a Columbus  :
Commons      :
           :

The School District of Philadelphia, :
     Appellant   :
           :
    v.     : No. 287 C.D. 2021
           :

Board of Revision of Taxes, The City :
of Philadelphia, and Center City Walnut :
LLC       :
           :

The School District of Philadelphia, :
     Appellant   :
           :
    v.     : No. 288 C.D. 2021
           :

Board of Revision of Taxes, The :
City of Philadelphia, and Delaware :
East Associates a/k/a Columbus :
Commons      :
           :

The School District of Philadelphia, :
     Appellant   :
           :
    v.     : No. 419 C.D. 2021
          : Argued:  March 7, 2023
Board of Revision of Taxes, The :
City of Philadelphia, and G2 S2 :
ASSPC LP a/k/a 1605 Sansom :

**ORDER**

AND NOW, this 6th day of October, 2023, the order of the Court of Common Pleas of Philadelphia County, dated February 5, 2021, in the above-captioned matters, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | CASES CONSOLIDATED |
| | : | |
| | : | |
| v. | : | No.  195 C.D. 2021 |
| | : | No.  265 C.D. 2021 |
| Board of Revision of Taxes,<br>The City of Philadelphia, and<br>Teva Pharmaceuticals USA | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No.  196 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia, and 401<br>Market Street a/k/a MREF 401 LP | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No.  197 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia, and 1500<br>Net Works Associates a/k/a Net<br>Works Building | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No.  198 C.D. 2021 |
| | : | |
| Board of Revision of Taxes,<br>The City of Philadelphia, and PR<br>Chestnut Associates LP | : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No.  199 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and Hub Properties Trust now owned by Commonwealth of PA – SEPTA | : : : : : | |
| The School District of Philadelphia, Appellant | : : : : | |
| v. | : : | No.  200 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and Two Logan Square Associates | : : : : : | |
| The School District of Philadelphia, Appellant | : : : : | |
| v. | : : | No.  201 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and OLS Office Partners LP | : : : : : | |
| The School District of Philadelphia, Appellant | : : : : | |
| v. | : : | No.  202 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and Commerce Square Partners | : : : : | |

The School District of Philadelphia, : 
                    Appellant : 
                      : 
                      : 
              v. :   No.  203 C.D. 2021
                      : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Maguire/Thomas PTNS Phila : 
Plaza Phase II : 
                      : 
The School District of Philadelphia, : 
                    Appellant : 
                      : 
              v. :   No.  204 C.D. 2021
                      : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Cedar South Philadelphia : 
                      : 
The School District of Philadelphia, : 
                    Appellant : 
                      : 
              v. :   No.  205 C.D. 2021
                      :   No.  223 C.D. 2021
Board of Revision of Taxes, :   No.  259 C.D. 2021
The City of Philadelphia, and ARD :   No.  260 C.D. 2021
Grant LP a/k/a The Court at Grant :   No.  285 C.D. 2021
                      : 
The School District of Philadelphia, : 
                    Appellant : 
                      : 
              v. :   No.  206 C.D. 2021
                      : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
1760 Market Partners LP :

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : | |
| | : | |
| v. | : | No. 207 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia, and SWP Real Estate LLC | : | |
| | : | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| v. | : | No. 208 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia, and BA Parkway Associates II a/k/a Embassy Suites | : | |
| | : | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| v. | : | No. 209 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia, and Public Storage Properties XVIII | : | |
| | : | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| v. | : | No. 210 C.D. 2021 |
| | : | No. 266 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and SPSP Corporation | : | |

| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 211 C.D. 2021 |
| | : | No. 252 C.D. 2021 |
| Board of Revision of Taxes, | : | No. 258 C.D. 2021 |
| The City of Philadelphia, and 2400 | : | No. 286 C.D. 2021 |
| Market VII LP a/k/a Marketplace | : | |
| Design Center | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 212 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and 4401 | : | |
| Walnut Holdings LLC | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 213 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| T C Pepper Building G P LLC | : | |
| a/k/a The Pepper Building | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 214 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| Hill House Apartment Association | : | |
| a/k/a The Watermark | : | |

The School District of Philadelphia, : 
                      Appellant : 
                               : 
                               : 
                  v. :   No. 215 C.D. 2021
                               :   No. 218 C.D. 2021
                               : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
WWW Premier Holdings LLC : 
a/k/a Winchester Walk : 
                               : 
The School District of Philadelphia, : 
                      Appellant : 
                               : 
                  v. :   No. 216 C.D. 2021
                               : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Offices at Two Liberty PL : 
                               : 
The School District of Philadelphia, : 
                      Appellant : 
                               : 
                  v. :   No. 217 C.D. 2021
                               : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
CRP-Grep Rushwood LP a/k/a : 
Rushwood Apartments now owned : 
by RSW Premier Holdings LLC : 
                               : 
The School District of Philadelphia, : 
                      Appellant : 
                               : 
                  v. :   No. 219 C.D. 2021
                               : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Charter Court Holdings LL a/k/a : 
Charter Court Apartments :

The School District of Philadelphia, : 
                    Appellant : 
                     : 
                     : 
                 v. :   No.  220 C.D. 2021
                     : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Cedar Quartermaster LLC : 
                     : 
The School District of Philadelphia, : 
                    Appellant : 
                     : 
                 v. :   No.  221 C.D. 2021
                     :   No.  283 C.D. 2021
Board of Revision of Taxes, :   No.  284 C.D. 2021
The City of Philadelphia, and PR : 
Northeast Limited Partnership : 
a/k/a Northeast Tower Center : 
                     : 
The School District of Philadelphia, : 
                    Appellant : 
                     : 
                 v. :   No.  222 C.D. 2021
                     : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Red Lion MZL LP : 
                     : 
The School District of Philadelphia, : 
                    Appellant : 
                     : 
                 v. :   No.  224 C.D. 2021
                     : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Center City Chestnut LLC : 
a/k/a Nineteen Thirty Chestnut :

| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 226 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| 777 South Broad Street AS | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 227 C.D. 2021 |
| | : | No. 256 C.D. 2021 |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and PR | : | |
| Walnut Associates LP | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 228 C.D. 2021 |
| | : | No. 229 C.D. 2021 |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| Market Square Plaza I LLC | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 253 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and Super | : | |
| Salvage, Inc. a/k/a CVS | : | |

| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 254 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| 23rd Street Garage VII LP | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 255 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| 618 Market LP | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 257 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, The | : | |
| City of Philadelphia, and Brandywine | : | |
| Operating Partners LP a/k/a Bell | : | |
| Atlantic Tower | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 261 C.D. 2021 |
| | : | No. 262 C.D. 2021 |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| Two Liberty Place LP | : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : | No. 263 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and Brandywine Operating Part | : : : : | |
| The School District of Philadelphia, Appellant | : : : | |
| v. | : | No. 264 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and Philadelphia-Harbison LP | : : : : | |
| The School District of Philadelphia, Appellant | : : : | |
| v. | : | No. 268 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and Treeco/Manor Limited Part | : : : : | |
| The School District of Philadelphia, Appellant | : : : | |
| v. | : | No. 269 C.D. 2021 |
| Board of Revision of Taxes, The City of Philadelphia, and Jar Chocolate Works LP | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 270 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| 1616-26 Walnut Street | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 272 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| PECO Energy Company | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 273 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| Charter School Holdings LL | : | |
| a/k/a Charter Court Apartments | : | |
| | : | |
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 274 C.D. 2021 |
| | : | |
| Board of Revision of Taxes, | : | |
| The City of Philadelphia, and | : | |
| Phila Liberty PLA E LP a/k/a | : | |
| Liberty One | : | |

The School District of Philadelphia, : 
                       Appellant : 
                             : 
                             : 
             v.              :     No.  275 C.D. 2021
                             : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Panco CC Rittenhouse Row : 
Rittenhouse Row Investors a/k/a : 
American Patriots Bldg : 
                             : 
The School District of Philadelphia, : 
                       Appellant : 
                             : 
             v.              :     No.  276 C.D. 2021
                             : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Post Rittenhouse Hill LP a/k/a : 
Rittenhouse Hill Apartments : 
                             : 
The School District of Philadelphia, : 
                       Appellant : 
                             : 
             v.              :     No.  277 C.D. 2021
                             : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Boulevard North Associate a/k/a : 
Whitman Square : 
                             : 
The School District of Philadelphia, : 
                       Appellant : 
                             : 
             v.              :     No.  278 C.D. 2021
                             : 
Board of Revision of Taxes, : 
The City of Philadelphia, and : 
Cedar Quartermaster II LL :

The School District of Philadelphia, :
                                     Appellant :
                                              :
                                              :
            v.                       :  No.  279 C.D. 2021
                                              :
Board of Revision of Taxes,          :
The City of Philadelphia, and        :
Boulevard North Associate LP         :
a/k/a Whitman Square                 :
                                              :
The School District of Philadelphia, :
                                     Appellant :
                                              :
            v.                       :  No.  280 C.D. 2021
                                     :  No.  282 C.D. 2021
Board of Revision of Taxes,          :
The City of Philadelphia, and        :
Delaware East Assoc LP a/k/a         :
Columbus Commons                     :
                                              :
The School District of Philadelphia, :
                                     Appellant :
                                              :
            v.                       :  No.  281 C.D. 2021
                                              :
Board of Revision of Taxes,          :
The City of Philadelphia, and        :
Delaware East Assoc a/k/a            :
Columbus Commons                     :
                                              :
The School District of Philadelphia, :
                                     Appellant :
                                              :
            v.                       :  No.  287 C.D. 2021
                                              :
Board of Revision of Taxes,          :
The City of Philadelphia, and        :
Center City Walnut LLC               :

The School District of Philadelphia, : 
             Appellant    :
                          :
        v.                :   No.  288 C.D. 2021
                          :
Board of Revision of Taxes,   :
The City of Philadelphia, and   :
Delaware East Associates  a/k/a   :
Columbus Commons          :
                          :
The School District of Philadelphia,   :
             Appellant    :
                          :
        v.                :   No.  419 C.D. 2021
                          :   Argued:  March 7, 2023
Board of Revision of Taxes,   :
The City of Philadelphia, and   :
G2 S2 ASSPC LP a/k/a 1605 Sansom   :


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
           **HONORABLE ANNE E. COVEY,** Judge
           **HONORABLE MARY HANNAH LEAVITT,** Senior Judge


**DISSENTING OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**                    **FILED:  October 6, 2023**

Because I believe that the School District of Philadelphia's (School District) policy for determining which property assessments to appeal was based on a specific monetary threshold and was implemented without regard for a real property's classification, sub-classification, or ownership, I would hold that the policy does not violate the Uniformity Clause of the Pennsylvania Constitution, Pa. Const. art. VIII, § 1,[1] and is not inconsistent with the Pennsylvania Supreme Court's holding in *Valley*

---
[1] The Uniformity Clause of the Pennsylvania Constitution provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying **(Footnote continued on next page…)**

*Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962 (Pa. 2017) and its progeny. Therefore, I must respectfully dissent from the majority's careful analysis.

In *Valley Forge*, the Pennsylvania Supreme Court held that the school district's preliminary objections should not have been sustained because the appellant's complaint had "set[] forth a valid claim that the [s]chool [d]istrict's appeal policy violate[d] the Uniformity Clause." 163 A.3d at 980. Upon noting that a salient aspect of the parties' dispute involved the manner in which this Court had understood the Supreme Court's pronouncements regarding the comparative tax-fairness requirements of the Uniformity Clause and the Federal Equal Protection Clause, *see* U.S. Const. amend. XIV, the *Valley Forge* Court summarized two precepts it had previously articulated and found relevant to its analysis therein as follows:

> First, all property in a taxing district is a single class, and, as a consequence, the Uniformity Clause does not permit the government, including taxing authorities, to treat different property sub-classifications in a disparate manner. Second, this prohibition applies to any intentional or systematic enforcement of the tax laws, and is not limited solely to wrongful conduct.

*Id*. at 975 (citations omitted). The Supreme Court held that these principles lead to a conclusion "that a taxing authority is not permitted to implement a program of only appealing the assessments of one sub-classification of properties, where that sub-

---

the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1. This Court has held that the Uniformity Clause ensures that "a taxpayer should pay no more or no less than [the taxpayer's] proportionate share of the cost of government." *In re Sullivan*, 37 A.3d 1250, 1254-55 (Pa. Cmwlth. 2012) (quoting *Deitch Co. v. Bd. of Prop. Assessment*, *Appeals & Rev. of Allegheny Cnty.*, 209 A.2d 397, 401 (Pa. 1965)).

classification is drawn according to property type—that is, its use as commercial, apartment complex, single-family residential, industrial, or the like." *Id.* at 978.

The Supreme Court explained that it did not disagree with the result this Court reached in *In re Springfield School District,* 101 A.3d 835 (Pa. Cmwlth. 2014), wherein property owners had challenged a school district's policy of utilizing a monetary threshold to determine which properties to appeal and "did not allege a scheme involving disparate treatment of property sub-classifications drawn according to property type or the status of its owner as a resident or non-resident of the taxing district." *Valley Forge*, 163 A.3d at 975 n.13. The Supreme Court noted that, instead, the school district appealed only "properties for which a recent sales price was at least $500,000 greater than its implied market value, defined as the assessed value divided by the" County's Common Level Ratio. *Id.* at 979 n. 19. The Supreme Court stressed:

> We pause at this juncture to clarify that **nothing in this opinion should be construed as suggesting that the use of a monetary threshold— such as the one challenged in** *Springfield*—**or some other selection criteria would violate uniformity if it were implemented without regard to the type of property in question or the residency status of its owner**. Such methodologies are not presently before the Court.

*Id.* at 979 (footnote omitted) (emphasis added).

In addition, Section 8855 of the Consolidated County Assessment Law provides in relevant part that "[a] taxing district shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment." 53 Pa.C.S. § 8855. However, when a taxing authority exercises this discretionary power, it must do so within "constitutional boundaries." *Valley*

*Forge*, 163 A.3d at 980. Those constitutional boundaries are violated if a taxing authority has a policy to appeal only "the assessments of one sub-classification of properties, where that sub-classification is drawn according to property type." *Id.* at 978.

Most recently this Court discussed *Valley Forge* and our previous decision in *Kennett Consolidated School District v. Chester County Board of Assessment Appeals*, 228 A.3d 29 (Pa. Cmwlth.), *appeal granted*, 240 A.3d 611 (Pa. 2020), *appeal dismissed as improvidently granted*, 259 A.3d 890 (Pa. 2021) as follows:

> In *Kennett*, we considered a taxpayer's challenge to a trial court's denial of its motion to quash the school district's assessment appeal of its property. 228 A.3d at 31. Relying on the Supreme Court's analysis in *Valley Forge*, the taxpayer argued that the school district violated the Uniformity Clause by: (1) appealing the assessments of only commercial properties; and (2) setting a monetary threshold targeting properties under[ ]assessed by $1 million. *Id.* at 34.

> On appeal, this Court affirmed the trial court's ruling, holding:

>> *We conclude that* [*the school district's*] *appeal practices did not violate the Uniformity Clause.* Under *Valley Forge*, [the school district's] actions were constitutionally firm. The record reflects that [*the school district*] *intentionally disregarded the type of property* and, thus, it cannot be said that [its] actions in appealing the assessments of commercial properties were intentional. *Where, as here, a taxing authority intentionally disregards the type of property when deciding what property assessments to appeal, its conduct is inherently not deliberate.* Moreover, [the school district's] actions *did not systematically target commercial properties, but, rather, only focused on properties that would be worth the cost and expense of an appeal.* Valley Forge makes it abundantly clear that there is a balance to be struck between a school district's ability to appeal an assessment and the Uniformity Clause. Thus, *a school district's policy that attempts to be fiscally responsible by only*

> *appealing assessments that would generate enough*
> *revenue to justify the cost of the appeal does not violate*
> *the Uniformity Clause.*

> *Id.* at 37 (emphasis added). **We further clarified that "[t]he mere fact**
> **that all appealed properties were commercial does not *per se* create**
> **a violation of the Uniformity Clause. *This is especially so in light of***
> **[*the school district's*] *intentional disregard for the nature of the***
> ***property*." *Id.* at 39 (emphasis added). Thus, *Kennett* reiterates the**
> **principle that selection of properties for assessment based solely on**
> **property type violates the Uniformity Clause, whereas selection**
> **based on financial reasons, without regard to property type, does**
> **not**.

*Duffield House Assocs., L.P. v. City of Philadelphia*, 260 A.3d 329, 343-44 (Pa. Cmwlth. 2021) (*Duffield House*) (italics in original, boldface type added).

A few weeks before our *Duffield House* decision, this Court decided *GM Berkshire Hills LLC v. Berks County Board of Assessment,* 257 A.3d 822 (Pa. Cmwlth. 2021) (*GM Berkshire I*), *affirmed by an equally divided court,* 290 A.3d 238 (Pa. 2023) (*GM Berkshire II*).[2]  In *GM Berkshire I*, GM Berkshire challenged the school district's use of recently sold properties as a basis for selecting properties for tax appeal and maintained that a consideration of only a subclass of properties that were under new ownership violates both the federal Equal Protection Clause and Pennsylvania's Uniformity Clause.  This Court concluded that

> the [d]istrict's method of selecting properties for assessment appeals
> comports with the Commonwealth's present jurisprudence on the
> subject of property assessment uniformity.  Using recent sales prices as
> part of the selection of properties for appeals is a quantitative method

---

[2] Where our Supreme Court is equally divided, the effect of the split is affirmance of the intermediate appellate court decision. *Borkey v. Twp. of Ctr.*, 847 A.2d 807, 814 (Pa. Cmwlth. 2004).

of reasonably ascertaining a property owner's fair share of the tax burden, because such figures represent the kind of evidence of market value that a school district must show when it appeals an assessment. *See Aetna Life Ins. Co. v. Montgomery Cnty. Bd. of Assessment Appeals*, 111 A.3d 267, 283 (Pa. Cmwlth. 2015) ("evidence of private sales is admissible to determine fair market value").

Further, **as applied by the [d]istrict, this method employs a purely economic approach that is practical for the [d]istrict yet does not improperly differentiate based on property type, which is the type of approach our Supreme Court condoned in *Valley Forge* [] and which this Court subsequently accepted in *Punxsutawney* [*Area School District v. Broadwing Timber, LLC,* (Pa. Cmwlth., No. 1209 C.D. 2018, filed October 29, 2019),] and *East Stroudsburg* [*Area School District v. Meadow Lake Plaza, LLC,* (Pa. Cmwlth. No. 371 C.D. 2018, filed October 17, 2019)]**. As such, we agree with the trial court that the [d]istrict's method did not violate either the Equal Protection Clause of the [United States] Constitution or the Uniformity Clause of the Pennsylvania Constitution.

*GM Berkshire I*, 257 A.3d at 835 (emphasis added). We also explained that we had affirmed the trial court in *Kennett* based upon *Valley Forge*, *Springfield Township*, and *Punxsutawney*.[3]

[b]ecause **the evidence established that the school district used a purely monetary approach and had not intentionally selected property assessments to appeal based on property type** (commercial vis-à-vis residential), we held [in *Kennett*] no constitutional violation occurred, reasoning that the school district's "disregard of property type cannot logically equate to unlawful treatment based upon property type." [228 A.3d] at 39. We also rejected [commercial property owner's] as-applied or disparate impact claim: "**The mere fact that all appealed properties were commercial does not *per se* create a violation of the Uniformity Clause**." *Id*.

---

[3] In *Punxsutawney*, this Court stated that even though the district's practice had not resulted in any appeals of residential properties, the monetary threshold employed was facially neutral and did not foreclose the possibility of that occurrence in the future. *Id*., slip. op. at 9.

*Id.* at 832. As previously stated, an equally divided Pennsylvania Supreme Court recently affirmed this Court's decision in *GM Berkshire I* that the school district's method of selecting properties for appeal did not violate the Uniformity Clause. *See GM Berkshire II*, 290 A.3d at 238.

Herein, before the Court of Common Pleas of Philadelphia County (trial court), owners of some of the 138 properties (Taxpayers) appealed by the School District of Philadelphia (School District) presented the testimony of Uri Zvi Monson, the Chief Financial Officer for the School District, as on cross-examination. Mr. Monson was the chief architect of the tax assessment program implemented by the School District starting in tax year 2017 and presented his idea to the School Reform Commission. (Reproduced Record (R.R.) at 33a.) The policy concentrated only on properties for tax years 2017 and 2018 where it would be "reasonably likely that an appeal of assessed value [would] yield a minimum of" $7,500 of additional school tax revenue, which would require that the properties have been under assessed by approximately $1 million. (*Id.* at 33a-34a, 37a, 53a-54a.) When making this business decision, Mr. Monson considered the "risk and reward" in using the monetary threshold of $7,500 as that was a number at "which the value to the School District outweighed its cost." (*Id.* at 36a.) The request for proposals (RFP) was issued by the School District on August 9, 2016, and Mr. Monson directed prospective bidders to submit proposals by August 25, 2016, which left him a fairly compressed time frame in which to implement the policy. (*Id.* at 37a, 41a.) Mr. Monson knew he could not evaluate all of the properties in the City within that time frame. (*Id.* at 41a.)

One of the reasons for the tax assessment program "was to assess those properties that had not been reassessed most recently by the City, and one portion of those was commercial and industrial properties." (*Id.* at 52a.; *see also id.* at 335a.)

The School District was not responsible for doing an evaluation of fair market value when identifying properties. (*Id.* at 54a.) Critically, Mr. Monson did not reject any property because it was a residence if it met the other criteria the School District had established, and the School District did not perform an analysis as to what impact the $7,500 threshold would have on any particular class of property. (*Id.* at 58a-59a, 64a.)

Daniel Charles Rudderow also testified as on cross-examination. Mr. Rudderow served as a member of Keystone Realty Advisors, LLC (Keystone). (*Id.* at 65a-66a). One of the "tasks of Keystone was to recommend properties in [the City of Philadelphia (City)] where an appeal of" its assessed value was reasonably likely to yield in excess of $7,500 in additional tax revenue for the School District. (*Id.* at 68a.) The deadline for the completion of the project was the appeal filing deadline of October 3, 2016, leaving Mr. Rudderow three weeks to complete his recommendations as to any properties that he "felt were appropriate under the [monetary] threshold." (*Id.* at 68a-69a.) As part of his review of properties to recommend for appeal, Mr. Rudderow employed a spreadsheet from information that appears on OpenPhillydata.com and was prepared by the Office of Property Assessment. (*Id.* at 74a.) Although he had approximately 580,000 properties in the City from which to choose, Mr. Rudderow decreased the properties that appeared on the spreadsheet by randomly removing approximately 520,000 of them to make the list more manageable. Mr. Rudderow explained that he then "eyeballed" the remaining approximately 65,000 properties and reviewed about 266 of them. (*Id.* at 77a-78a.) To aid him in his review, Mr. Rudderow added some columns to his spreadsheet. He labeled one of those columns "delta," which represented "the difference between the current assessed value and the most recent sale price" of a

property. (*Id.* at 79a.) He labeled a second column "tax," which illustrated what would be the likely additional tax revenue based on the delta if that particular property was to be appealed. *Id.* From his initial list, Mr. Rudderow ultimately identified a sample of 138 properties. Although no single-family residences were among them, the properties chosen were a combination of industrial, commercial office, retail, vacant land, and multi-family residential apartment buildings. (*Id.* 70a-72a.) During his review, Mr. Rudderow would highlight properties on his spreadsheet; if he did not think a particular property met the monetary threshold, he would not recommend it for appeal. (*Id.* 81a-82a.)

Mr. Rudderow did not employ a specific system for his review, but rather sought to "get a broad base of properties" and sorted them "by the size of the assessment." (*Id.* at 83a.) Mr. Rudderow consulted with CoStar, a source which contains significant transaction information pertaining to commercial properties, and the Philadelphia Business Journal and Greater Philadelphia Market, both of which primarily report commercial transactions, but he did not locate any residential properties by using these sources. (*Id.* 83a-86a.) Mr. Rudderow also consulted a mapping feature to target certain neighborhoods on Zillow, a site that deals primarily with residential properties, to look for big sales of single-family residential properties, as well as Google, but was unable to discover single-family residences to review as part of his project. This did not surprise him because they had recently been reassessed. (*Id.* at 86a-89a.) He ultimately did highlight 26 properties on his spreadsheet that he identified as single-family residential, which were single-family condominium units. (*Id.* 90a-91a, 109a.) However, after he further studied a particular residential unit, it became "crystal clear" to Mr. Rudderow that neither it nor any of the others in the neighborhood would meet the School District's threshold.

(*Id.* at 105a.) Because he had only three weeks in which to complete his review, he did not deem it to be a good use of his time to continue searching further for other residential properties that would have met the monetary threshold. (*Id.* at 110a-13a.) As Mr. Rudderow clarified:

> I devoted my time to the properties that had not been recently reassessed—the majority of my time to properties that had not been recently reassessed, including some of the most under assessed properties in the [C]ity. And I only had three weeks, so I had to make a judgment call in that regard. But I think if I reviewed any of these, I absolutely would have recommended them if I were comfortable in that they would have met the threshold.

(*Id.* at 113a.)

On November 25, 2020, Kevin Flynn testified for Taxpayers as an expert in real estate appraisals as follows. Mr. Flynn stated his understanding was that "[t]he policy established under the RFP was to identify properties that would, if appealed, would likely generate an additional $7,500 in revenue to the School District." (*Id.* at 144a.) To achieve this, the assessment would have to increase by roughly $976,000. (*Id.*) Mr. Flynn noted that when he conducted his review, he discovered Keystone's list for 2018 included 33 single-family properties that were recommended for appeal that could have met the requirements of the School District's policy in 2017. (*Id.* at 145a-48a.) Mr. Flynn noted that 15 of the properties were identified on Mr. Rudderow's 2017 spreadsheet, but they had not been highlighted. (*Id.* at 172a-73a.) Mr. Flynn proceeded to detail the methodology he utilized in reviewing assessments and ultimately concluded that even though Mr. Rudderow had highlighted certain properties on his 2017 review spreadsheet as being residential properties, none of them are single-family residential dwellings. (*Id.* at 164a.) Mr. Flynn observed that Mr. Rudderow's spreadsheet contained roughly

65,000 lines with the highlighted lines being located generally at the beginning and end, with no highlights in the bulk of the middle. (*Id.* at 166a.) Mr. Flynn admitted he did not perform any independent research to identify properties that satisfied the monetary threshold, as that was beyond the scope of his analysis; rather, he reviewed the list of properties Keystone recommended for appeal in 2018 and determined which of them may have met the monetary threshold in 2017. (*Id.* at 174a-76a.)

Following the hearing, the trial court issued findings of fact and an order on February 5, 2021, wherein the trial court granted Taxpayers' motions to quash the School District's appeals from the decisions of the Board. In doing so, the trial court found that "[t]he [p]olicy was for the School District to appeal properties that, based upon a comparative review and evaluation, appeared to be under-valued in relation to the then existing tax assessments, **with a focus on properties which were reasonably likely to generate at least $7,500.00 in additional tax revenue to the School District**." (2/5/21 Trial Court Opinion (Op.) at 4-5 (emphasis added).) The trial court further found that the School District did not file any appeals to the assessment of single-family, residential dwellings in the City. (*Id.* at 6.) The trial court observed that Mr. Rudderow did not use Multiple Listing Services, which would have given him residential property sales data and instead he relied on services geared towards non-residential transactions. (*Id.* at 7.) The trial court stated, "[t]his is a situation where the School District's policy may have been sound, but the hasty implementation of the policy and its ultimate result were not. Therefore, the School District violated the Uniformity Clause in the selection of [its] 2017 assessment appeals." (*Id.* at 9.)

Likening this case to *Valley Forge* and stressing it "[i]mportantly . . . [was] not ruling on the validity of the [p]olicy itself, but its implementation," the trial court

stated that because the end result herein was that only commercial property assessments were appealed, the "uniformity concepts set forth in *Valley Forge*" were violated. (*Id*. at 12; *see also id.* at 14 ("[T]he Court is not making a finding as to the constitutionality of the 'policy', or the intent, but the implementation.").) The trial court also noted that none of the cases upon which the School District had relied "contain a factual record of such a hurried, hasty application of a monetary threshold as the one discussed above" and that but for the lack of time, 33 residential properties could have been appealed in tax year 2017. (*Id*. at 12-13.) The trial court stated that "regardless of whether or not the School District's conduct was wrongful, the record is clear that the rushed, piecemeal implementation of its assessment appeal [p]olicy violated fundamental uniformity principles" in that it excluded sub-classifications such as single-family residential properties that met the monetary threshold. (*Id*. at 14.)

Critically, in *Valley Forge* the Supreme Court did not find a Uniformity Clause violation based upon the fact that the selection process led to appeals being filed to only commercial property assessments. Rather, *Valley Forge* required that the "other selection criteria" used by a taxing authority, whether a monetary threshold or some other methodology, be **implemented in a neutral manner** without regard for property sub-classification. 163 A.3d at 979 *see also Punxsutawney*, slip op. at 8. In deeming the policy to be unconstitutional by interpreting the term "implemented" without consideration of the cited quote in the larger context of the Supreme Court's analysis in *Valley Forge*, the trial court effectively carved out another criterion which must be met for a policy to be deemed constitutionally sound, *i.e.*, a consideration of the timeline of its implementation.

However, in light of *Valley Forge* and its progeny, the time period in which Mr. Rudderow was given to complete his review in 2017 is inapposite.

Moreover, the trial court focused upon the Supreme Court's use of the word "implemented" in *Valley Forge* when it stated that a neutral selection criterion is constitutional so long as it was "implemented without regard to the type of property in question or the residency status of its owner." (Trial Court Op. at 13-14 (citing *Valley Forge*, 163 A.3d at 979) (emphasis omitted).) Noting "that the implementation of the [p]olicy excluded other sub-classifications, such as single-family residential properties that met the monetary threshold stated in the School District's appeal policy[,]" the trial court concluded Taxpayers have demonstrated a Uniformity Clause violation through the School District's "exercise[] [of] discretion well outside of the constitutional boundaries by failing to take the time to ensure that the taxing system was implemented in a non-discriminatory way." (*Id.* at 14-15.)

The majority finds that "[t]he record fully supports the trial court's 'core holdings'" as "the evidence showed that the implementation of the School District's policy was not neutral but tilted toward the selection of a sub[-]classification or properties, *i.e.,* commercial and industrial, as found by the trial court." *The Sch. Dist. of Philadelphia. v. Bd. of Rev. of Taxes, The City of Philadelphia, and Teva Pharmaceuticals USA*, __ A.3d __, __ (Pa. Cmwlth., No. 195 C.D. 2021, *et al.*, filed October 6, 2023), slip op. at 13-14. The majority also states that Mr. Rudderow selected properties to review "using a random and piecemeal methodology that was neither objective nor neutral[]" *Id.*, __ A.3d at __, slip op at 13. However, the School District did not treat property sub-classifications in a disparate manner as proscribed by *Valley Forge*, but rather, in an effort to be fiscally responsible by appealing only tax assessments that would generate sufficient revenue to justify the

cost of an appeal, prescribed a monetary threshold to determine which property tax assessments to appeal. This practice is permitted by *Springfield Township* and deemed to be constitutional under *Valley Forge* so long as the School District's actions did not systematically target commercial properties. Mr. Rudderow's unrefuted testimony established that he had not been tasked with targeting specific types of property when engaging in the selection process and that his analysis was based solely on an application of the $7,500 monetary threshold. (R.R. at 68a-69a, 77a, 82a-83a.)

Significantly, while he found fault with Mr. Rudderow's methodology and the timeline in which he had to conduct his review, Taxpayers' own witness, Mr. Flynn, explained his understanding of the policy's purpose "was to identify properties that would, if appealed, would likely generate an additional $7,500 in revenue to the School District." (*Id.* at 144a.) While it is true that Mr. Rudderow was working within time constraints which prevented him from analyzing as many properties as he may have otherwise liked to consider in the first phase of the policy in 2017, he explained that the manner in which he worked and the reasoning behind his ultimate recommendations were done without regard to property type.

Moreover, Mr. Rudderow explained the methodology under which he worked to complete his recommendations. The spreadsheet he created contained a broad base of both commercial and residential properties, and residential properties were among those he highlighted and felt would meet the $7,500 monetary threshold. He also consulted with multiple online sources as an aid in identifying potential properties and focused upon those which had not been reassessed recently. (*Id.* at 83a-90a.) Mr. Rudderow explained that while his research did not direct him to many residential properties that would have met the threshold, he "absolutely would have

RCJ - 14

recommended" residential properties for appeal if he were comfortable that they would have met it. (*Id.* at 113a.) Nowhere does Mr. Rudderow indicate that the School District either explicitly or implicitly directed him to consider only commercial properties when deciding whether to recommend a property for an assessment appeal. Indeed, Mr. Flynn acknowledged that Keystone's list for 2018 recommended 33 single-family, residential properties for appeal, and 15 of them were on Mr. Rudderow's 2017 spreadsheet. (*Id.* at 172a.) For these reasons, I cannot agree that "[Mr.] Rudderow's idiosyncratic and subjective selection of under[ ]assessed properties was arbitrary and deliberately exempted from review numerous properties that could have yielded an additional $7,500 in annual tax revenue." *The Sch. Dist. of Philadelphia*, __ A.3d at __, slip op. at 15.

In this regard, our analysis in *Kennett* is instructive herein.

> Our conclusion in *Punxsutawney* is persuasive and applicable here, because the actions of [the school d]istrict are similar to those of the school district in *Punxsutawney*. First, just as the school district in *Punxsutawney* did not base its decision to appeal the assessment based on the type of the property, neither did [the school d]istrict. Specifically, [the school d]istrict directed its consultant as follows, "[p]lease do not limit your review to any particular class of properties in the [s]chool [d]istrict, but review all classes of properties including commercial, residential, and otherwise." In the same likeness, both [the school d]istrict and the school district in *Punxsutawney* disregarded the nature of the property. As we explained above, this is in accord with our Supreme Court's holding in *Valley Forge*, because [the school d]istrict's disregard of property type cannot logically equate to unlawful treatment based upon property type.
>
> Moreover, the facially neutral action employed by [the school d]istrict is not sufficient to result in a violation of the Uniformity Clause. As in *Punxsutawney*, there is no indication [the school d]istrict would not have appealed the assessment of residential properties in the event that such properties would have fallen within its fiscal parameters. [The school d]istrict is concerned with maximizing its revenue, as was the school district in *Punxsutawney*. **The mere fact that all appealed**

**properties were commercial does not *per se* create a violation of the Uniformity Clause. This is especially so in light of [the school d]istrict's intentional disregard for the nature of the property. Therefore, this Court concludes there is no violation of the Uniformity Clause with respect to a property type classification**.

\*\*\*

In *East Stroudsburg*, the taxpayers owned property within the East Stroudsburg School District. *Id.*[, slip op.] at 2. In 2016, the school district began filing assessment appeals in an attempt to increase revenue. *Id.* at 3. The school district wanted to assure that it was targeting properties for which the assessment appeals would generate sufficient revenue to justify the costs of appeals. *Id.* Thus, the school district decided that it would target "any and all properties" that would generate at least $10,000.00 in additional revenue. *Id.* at 4. **Significantly, we noted that the school district would have filed assessment appeals relating to residential properties had any residential properties met the threshold.** *Id.* at 4.

*Kennett*, 228 A.3d at 39-41 (emphasis added; citations to the record omitted; some brackets added).

The record reveals that Mr. Rudderow implemented his analysis without consideration of property type or owner and focused on meeting the $7,500 monetary threshold set by the School District. The trial court did not consider the neutral and pecuniary nature of the process and decided not to rule on the plan itself, deeming it to be unconstitutional based upon its view that time constraints under which the plan was implemented led the School District to appeal only commercial properties. In doing so, the trial court committed an error of law, for this result contravenes that reached in *Kennett*, *East Stroudsburg*, and *Punxsutawney*.

In accordance with the foregoing, I would hold that the School District's policy for determining what property assessments to appeal, which is based on a specific monetary threshold and without regard for a real property's classification,

sub-classification, or ownership, does not violate the Uniformity Clause and is not inconsistent with our Supreme Court's holding in *Valley Forge* and its progeny. Accordingly, I would reverse the trial court's Order granting Taxpayers' motions to quash the School District's assessments appeals; this Court would then not need to reach the School District's second issue as tax years 2018 through 2021 became part of the appeal by operation of law. 72 P.S. § 5020-518.1(b)[4]; *see also Macy's Inc. v. Bd. of Prop. Assessment, Appeals, Rev. of Allegheny Cnty.*, 61 A.3d 361, 363 n. 2 (Pa. Cmwlth. 2013).

_____
**RENÉE COHN JUBELIRER,** President Judge

_____

[4] Section 518.1 of the Act of May 23, 1933, P.L. 853, *as amended*, added by the Act of December 28, 1955, P.L. 917.